IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN WINKLER., <br><br> Plaintiff, <br><br> v. <br><br> TOTAL QUALITY LOGISTICS, LLC, <br><br> Defendant. | 18 CV 3707 |

COMPLAINT

NOW COMES Plaintiff Brian Winkler, by and through his attorney Jonathan Lubin, and Complains of Total Quality Logistics, LLC, stating:

Introduction

1. This is a civil action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*, Illinois statutes, and the common law of the State of Illinois.

Jurisdiction and Venue

2. This Court has jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1331. It has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §§ 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois.

Parties

4. Brian Winkler is a resident of the City of Chicago, which is within the Northern District of Illinois. For the relevant period, and up until May 11, 2018, Winkler was an employee of Total Quality Logistics, LLC.

5. Total Quality Logistics, LLC (TQL) is an Ohio limited liability corporation, which does business in the Northern District of Illinois. For the relevant period, and up until May 8, 2018, it employed Winkler in the Northern District of Illinois.

Facts Common to All Counts

6.	From August 14, 2017 to May 8, 2018, Plaintiff Brian Winkler was employed by TQL. From August 14, 2017 to March 19, 2018, he was a Logistics Account Executive Trainee. Thereafter, his title was Logistics Account Executive.

7.	His role consisted of arranging contracts with firms interested in making large shipments by truck, and arranging contracts with trucking firms to fulfill the aforementioned orders.

8.	His bi-weekly pay was $1346 for the entire time that he worked at Defendant.

9.	From March 19, 2018, part of Plaintiff's compensation was based upon commission. He was to receive 25% of those sales that he produced from March 19, 2018 onward.

10.	On April 26, 2018, Plaintiff discovered a syringe in a garbage can at his workplace.

11.	Plaintiff pointed out the syringe to a supervisor, believing that the syringe might be connected to illegal activity.

12.	Plaintiff was subsequently escorted from the premises and ordered to take a drug test. After taking the drug test, he was suspended without pay from his job.

13.	Despite being suspended without pay, Defendants continued to contact Plaintiff, asking him work related questions. In essence, though he had been suspended without pay, he was still working for Defendant.

14.	On May 8, 2018, Plaintiff contacted the drug lab and was informed that the results had come in.

15.	On the same day, Plaintiff was contacted by a supervisor and told that he was being terminated for testing positive for prescription medications.

16.	Plaintiff had a prescription for said medications.

17.	Plaintiff has not been paid for the time that he was working after being suspended without pay, roughly between April 26, 2018 and May 4, 2018.

18.	Plaintiff similarly has not been paid commissions on those sales that he made before he terminated.

## COUNT I – FAIR LABOR STANDARD ACT
### 29 U.S.C. § 201

19.	Plaintiff worked from April 26, 2018 to May 4, 2018, and was not paid for that time – other than a final paycheck that was deposited into his account of $400.

20. Plaintiff also worked overtime several weeks, and was not given overtime pay of time and a half during that period, despite not falling under any exceptions to the overtime rules.

WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding that Defendants are liable under the Fair Labor Standards Act, and awarding Plaintiff treble damages, costs, reasonable attorney's fees, and any other remedy that this Court finds just and equitable.

## COUNT II – ILLINOIS SALES REPRESENTATIVE ACT
820 ILCS 120 *et seq*

21. Part of Plaintiff's compensation involved "commission" as that word is defined in 820 ILCS 120/1.

22. Plaintiff has not been compensated for several sales made during his employment, despite the fact that his commission has become due pursuant to 820 ILCS 120/1(2).

23. More than 13 days has passed since Plaintiff's termination pursuant to 820 ILCS 120/2.

WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding Defendants liable under the Illinois Sales Representative Act and award treble damages, costs, reasonable attorneys fees, and any other remedy that this Court deems just and equitable.

## COUNT III – COMMON LAW RETALIATORY DISCHARGE

24. Plaintiff was only required to submit to a drug test because he notified a supervisor regarding the possibility of illegal activity occurring in the workplace.

25. Had he not disclosed the possibility of illegal activity in the workplace, he would not have been terminated.

26. Plaintiff suffered mental anguish as a result of Defendants' treatment of him.

WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding Defendants liable for common law retaliatory discharge, and award him damages including mental anguish, back wages, forward wages, punitive damages, costs and any other remedy that this Court deems just and equitable.

## COUNT IV – DECLARATORY ACTION

27. Plaintiff signed a contract purporting to be a covenant not to compete prior to being employed by Defendant.

28. The covenant forbids Plaintiff from doing any work in the same industry as Defendant in the entirety of the United States for a period of one year.

29.     Plaintiff worked for Defendant for less than one year.

30.     He has no desire to poach customers from Defendant. Indeed, the industry is substantially large, and there is no reason to believe that if Plaintiff is able to make new contracts with new customers in the same industry that it would impact Defendant in any way.

31.     The overly broad covenant not to compete is against public policy and therefore should be stricken.

32.     The covenant contains a clause requiring that any civil actions based on the covenant be brought either in the Court of Common Please in Clermont, Ohio, or in the United States District Court for the Northern District of Illinois.

        WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding that the Covenant Not to Compete is overly broad, and holding it for naught as it relates to Plaintiff.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiff Requests Trial by Jury for all non-equitable Counts**